■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN A. CAMPBELL, Appellant. [704 NYS2d 98] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered January 31, 1996, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Palmieri, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

It is well settled that questions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly unsupported by the record (*see, People v Prochilo,* 41 NY2d 759). Contrary to the defendant's contention, the record fully supports the court's determination that he knowingly and voluntarily waived his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) prior to confessing to sexually abusing and sodomizing the seven-year-old complainant.

The trial court properly permitted the People to introduce evidence that the defendant tested positive for the presence of herpes simplex II antibodies, which disease had been diagnosed in the complainant. The People's expert opined that from her review of the test results, she was "close to 100%" certain that

the defendant was infected with the herpes simplex II virus. To the extent that this evidence was inconclusive, as argued by the defendant, this would go to the weight of the evidence and not to its admissibility (*see generally, People v Wesley,* 83 NY2d 417; *People v Mountain,* 66 NY2d 197).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.